# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

POTANDON PRODUCE LLC,

    Plaintiff,

    v.

PREFERRED PRODUCE AND FOOD SERVICE, INC., et al.,

    Defendants.

CIVIL ACTION NO. 3:06-CV-0622

(JUDGE CAPUTO)

## MEMORANDUM ORDER

This matter is before the Court upon Plaintiff, Potandon Produce, LLC's ("Potandon"), Ex-Parte Motion for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it clearly appears from the Declaration of Rhonda Rasmussen, Accounts Receivable Manager for Potandon, that Plaintiff is a produce dealer and trust creditor of Defendant under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), and has not been paid for produce in the total amount of $20, 266.00 supplied to Defendant as required by the PACA.  It is also clear that Defendants are in severe financial jeopardy and the PACA trust assets are being

1

dissipated or threatened with dissipation, *see Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990), and that Defendants are not or may not be in a position to pay creditor's claim, *see JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75 (2nd Cir. 1990), thereby warranting the relief requested by Plaintiff.   On the basis of the pleadings, Declaration, and other submissions Plaintiff has filed in this matter, it appears Plaintiff will suffer immediate and irreparable injury due to Defendant's dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief.  Therefore, the Court is of the opinion that a Temporary Restraining Order should be issued.

If notice is given to Defendants of the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard.  As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible.  H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411.  *J.R. Brooks & Sons, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47 (Bkrtcy. N.D. fla. 1989).  Entry of this Order without notice assures retention of the trust assets under the control of this Court which is specifically vested with jurisdiction over the trust.  7 U.S.C. §499e(c)(5).  In accord with Rule 659b)(2), the applicant's attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that Plaintiff will suffer immediate irreparable injury in the form of a loss of trust assets unless this Order is granted without notice.

Therefore, **NOW**, this   24th   day of March, 2006, **IT IS HEREBY ORDERED** that:

1. Defendants, Preferred Produce and Food Service, Inc., et al., their agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with Defendants, are enjoined and restrained from dissipating, paying, transferring, assigning, or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of Plaintiff, Potandon Produce, LLC, or until further order of this Court, or until Defendants pay Plaintiff the sum of $20, 266.00 by cashiers check or certified check.  Under §499e(c)(2) of PACA, the assets subject to this Order include all of Defendants' assets unless Defendants can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.  Provided, however, Defendants may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that Defendants maintain the proceeds of such sale subject to this Order.

2. This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

3. Plaintiff is required to post security with the Clerk of Court of the United States District Court for the Middle District of Pennsylvania as required by rule 65(c) of the Federal Rules of Civil Procedure in the amount of $5,000 cash or bond.  This Temporary Restraining Order shall not be effective until security is posted with the

>     Clerk of Court.

4. This Temporary Restraining Order is entered this 24th day of March, 2006, at ___4:55___ p.m.  A hearing on Plaintiff's Motion for Preliminary Injunction is set for the 3rd day of April, 2006, at 9:30 a.m in the William J. Nealon Federal Building, the United States Courthouse, 235 North Washington Street, Scranton Pennsylvania.  Plaintiff shall forthwith serve Defendants, or their resident agent, or their counsel, with a copy of this Order.

        /s/ A. Richard Caputo  
        A. Richard Caputo  
        United States District Judge